

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed November 02, 2012**

---

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | IN PROCEEDINGS UNDER CHAPTER 13 |
| | § | |
| RICHARD CHARLES THORNBURG | § | CASE NO. 11-10405-RLJ-13 |
| AND KERI ANN THORNBURG, | § | |
| *Debtors*. | § | |

**AGREED ORDER REGARDING DEBTORS'
OBJECTION TO NOTICE OF POSTPETITION MORTGAGE FEES,
EXPENSES, AND CHARGES BY LONE STAR, FLCA [DOCKET NO. 42]**

On this day the Court considered Debtors Richard Charles Thornburg and Keri Ann Thornburg's (individually and collectively, "Debtors") *Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges by Lone Star, FLCA* [Docket No. 42] (the "Objection"), which Objection was filed on June 22, 2012. After considering the Objection, Lone Star's response to the Objection, the papers on file with the Court, and the agreement of counsel, the Court finds that Lone Star claims to have incurred at least $4,895.39 in attorneys' fees, costs, and expenses in connection with Lone Star Loan Nos. 877881 and 885246 (collectively, the "Loans")

through December 27, 2011;[1] that the Loan Documents[2] provide that Lone Star may recover the reasonable amount of attorneys' fees, costs, and expenses that it incurs in connection with the Loans and the bankruptcy case, e.g.;[3] that Debtors, while not agreeing to the reasonableness of the fees charged, previously agreed to pay "all pre-petition and post-petition . . . attorneys' fees, costs, and expenses" incurred by Lone Star as set forth in the parties' December 30, 2011 letter agreement, which letter agreement was attached to and incorporated by reference into the Court's order confirming Debtors' Chapter 13 Plan of Reorganization [Docket No. 37] ("Confirmation Order"); and that, notwithstanding the above, Lone Star agrees to accept, and Debtors agree to pay, $2,447.70 in full and final satisfaction of the $4,895.39 in attorneys' fees, costs, and expenses incurred by Lone Star in connection with the Loans through December 27, 2011 in order to avoid incurring additional attorneys' fees, costs, and expenses associated with attending a hearing on the Objection. It is, therefore:

ORDERED, ADJUDGED, AND DECREED that, in full and final satisfaction of the attorneys' fees, costs, and expenses incurred by Lone Star through December 27, 2011, Debtors agree to pay to Lone Star the sum of $2,447.70 in good funds as follows: (1) Lone Star shall apply $985.88 currently held by Lone Star in Debtors' funds-held account to the indebtedness owed by Debtors to Lone Star in Lone Star's sole discretion; and (2) Debtors shall pay $122.32 per month in good funds on the 1st day of each month, beginning on December 1, 2012 and continuing on the 1st day of each month thereafter for a total of 12 consecutive months, which

---

[1] True and correct copies of Lone Star's redacted attorneys' fee invoices, which reflect fees and costs incurred through December 27, 2011, are attached hereto as "Exhibit A" and are incorporated herein by reference.

[2] The term "Loan Documents" shall mean and refer to the Loan Agreements, Promissory Notes, Deeds of Trust, and any other documents signed by Debtors in connection with the Loans.

[3] *See, e.g.*, the Promissory Notes at p. 2 ("To the extent permitted by the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.").

amounts Lone Star shall apply to the indebtedness owed by Debtors to Lone Star in Lone Star's sole discretion; and it is further

ORDERED, ADJUDGED, AND DECREED that, notwithstanding anything to the contrary, and consistent with the Court's Agreed Order regarding Lone Star, FLCA's Motion for Relief from the Automatic Stay, or, Alternatively, Motion for Adequate Protection [Docket No. 32] and the Confirmation Order, Lone Star shall only be required to send two written notices of default for any default of the Debtors; Debtors shall have ten (10) days from the date of the notice to cure the default(s); if Debtors fail to cure any default within ten (10) days from the date of the notice, or if Debtors default after Lone Star has sent two written notices of default to the Debtors, then the automatic stay shall terminate without further notice and without further Order of the Court to allow Lone Star to: (1) foreclose its liens and security interests in the property of Debtors in which Lone Star has an interest (the "Collateral"), which property includes the property identified in the attachments to Lone Star's Proof of Claim and which Proof of Claim is incorporated herein by reference and which property includes the Stock[4] of Lone Star, which Lone Star may redeem and apply to the Indebtedness[5] in Lone Star's sole discretion; and (2) exercise any or all of its other legal, contractual, and equitable rights in and to the Collateral and to apply proceeds from the disposition of the Collateral to the Indebtedness in Lone Star's sole discretion; and it is further

ORDERED, ADJUDGED, AND DECREED that Lone Star shall not be obligated to give any further notices to Debtors in connection with Lone Star's foreclosure of its security interests

---

[4] The term "Stock" shall mean and refer to all stock, participation certificates, and other equity interests in Lone Star or its affiliates issued, paid, or distributed in connection with the Loans, including, but not limited to, all interest in dividends, whether payable in cash or stock or participation certificates, all patronage, and all allocated surplus or allocated equity in Lone Star or its affiliates, including, but not limited to, exchanged or converted equity, together with all and singular, the proceeds, rights, and appurtenances thereto.

[5] The term "Indebtedness" shall mean and refer to all amounts owed by Debtors to Lone Star, which amounts include principal, interest, all attorneys' fees, costs, and expenses incurred by Lone Star in connection with the Loans, and all other amounts that Lone Star is entitled to recover from Debtors under the Loan Documents.

in the personal property Collateral, which notices Debtors have waived to the extent permitted by law; provided, however, Lone Star shall give Debtors all notices related to the foreclosure sale of any real property Collateral as provided for by law; and it is further

ORDERED, ADJUDGED, AND DECREED that Lone Star has not waived, and does not waive, any right, claim, or interest that it has or may have to collect any additional attorneys' fees, costs, or expenses incurred by Lone Star in connection with the Loans on or after December 28, 2011 in accordance with the terms of the Loan Documents, pursuant to any agreement of the parties, as permitted by the Court's Amended Standing Order Concerning All Chapter 13 Cases (General Order 2010-01), including any amendments, supplements, or modifications thereto, and/or as otherwise permitted by law. Lone Star will be required, however, to file a fee application or a notice under Bankruptcy Rule 3002.1(c) in order to recover any attorneys' fees, costs, or expenses incurred after December 28, 2011; and it is further

ORDERED, ADJUDGED, AND DECREED that this order is immediately effective upon the entry hereof.

###END OF ORDER###

AGREED:

KELLY HART & HALLMAN LLP
Stephanie E. Kaiser (Texas Bar I.D. 24013633)
stephanie.kaiser@kellyhart.com
Adrienne N. Wall (Texas Bar I.D. 24054556)
adrienne.wall@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3590 / (817) 878-9790 (Fax)

By: */s/ Adrienne N. Wall*
    Adrienne N. Wall

*ATTORNEYS FOR LONE STAR, FLCA*

AGREED:

MONTE J. WHITE & ASSOCIATES, P.C.
Pamela Jean Chaney (Texas Bar I.D. 24006983)
pamela@montejwhite.com
402 Cypress Street, Suite 310
Abilene, Texas 79601-5151
(325) 673-6699 / (325) 672-9227 (Fax)

By: */s/ Pamela Jean Chaney*
    Pamela Jean Chaney

*ATTORNEYS FOR DEBTORS*

AGREED:

*/s/ Richard Charles Thornburg*
Richard Charles Thornburg

-and-

*/s/ Keri Ann Thornburg*
Keri Ann Thornburg

*DEBTORS*